Per Curiam.

The trust agreements disclose that the settlor did not intend to make a gift of the remainders in the event he lived beyond December 1, 1946. This is clearly evidenced by the fact that all of the contingencies provided for are predicated upon his death on or prior to that date. In subdivision C of article first of the agreements he directed payment of the principal to the beneficiaries on December 1, 1946, in the event they were then living and he was dead; the provisions of subdivision D were to govern in the event the settlor and the beneficiaries died before December 1, 1946, with the settlor’s death occurring at least three calendar months before that of the beneficiaries; and finally the provisions of subdivision E were intended to become operative in the event the beneficiaries predeceased the settlor, or, having survived him, died before the expiration of the three-month period specified in subdivision D. None of the possibilities anticipated came to pass so that the corpus of both trusts reverted to the settlor after December 1, 1946, and constituted part of his estate upon his death on December 25, 1946.
The only significance that may he attached to the settlor’s failure to provide for the disposition of the corpus in the event he lived beyond December 1, 1946, is that he intended to cut off all contingent interests in the principal of the trusts as of that date. Whatever his reasons for so doing, we may not read into the agreements a provision contrary to his wishes. It must be borne in mind that we are here concerned with inter vivos trust agreements and not with the provisions of a testamentary trust. We may not therefore imply an intention of effecting a full and complete disposition of the trust property unless an intention so to do is clearly indicated.
Accordingly, the orders appealed from in appeals numbered 2867, 2868, 2870, 2871, 2872 and 2874 should be modified so as to provide for the payment of the principal of the two trusts to the estate of the settlor and, as so modified, affirmed. The orders appealed from in appeals numbered 2869 and 2873 should be affirmed. The foregoing decisions are all without costs to any party, but the disbursements of all parties shall be payable in equal amounts from the two trust funds.
Glennon, J. P., Dore, Cohn, Yan Yoorhis and Shientag, JJ., concur.
Orders in appeals numbered 2867, 2868, 2870, 2871, 2872 and 2874 unanimously modified so as to provide for the payment of the principal of the two trusts to the estate of the settlor and, as so modified, affirmed. Orders in appeals numbered 2969 and 2873 unanimously affirmed. The foregoing decisions are all without costs to any party, but the disbursements of all parties shall be payable in equal amounts from the two trust funds. Settle order on notice. [193 Misc. 770, 777, 781.] [See post, p. 1082.]